IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DR. DOROTHY L. DERICO                                          PLAINTIFF

v.                          No. 4:25-cv-618-DPM

NORTH LITTLE ROCK SCHOOL
DISTRICT                                                        DEFENDANT

PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), here is the Protective Order.

**1.** All documents produced and information produced by the parties in the categories set forth above which are designated as "confidential" shall be treated as such by all parties to this litigation. These confidential documents, and all copies, summaries, compilations, notes, or abstracts thereof, shall be used exclusively in this action and for no other purpose. The confidential designation status shall specifically survive this litigation. This Order shall remain in effect for one year after this case ends, including any appeal. Thereafter, the obligations imposed shall continue, but shall be solely a matter of contract between the parties and signatories.

**2.** Documents and information designated "confidential" may be used only in connection with this case and may not be disclosed to persons not parties to this lawsuit.

3. No document which is otherwise subject to disclosure under the Arkansas Freedom of Information Act shall be designated as "confidential" by either party.

4. Any party who objects to the proffering party designating a document as "confidential," but believes the document should be of public record, shall confer with the designating party in good faith on the matter. The party that designates a document as "confidential" has the burden of proof if there's a dispute. If a resolution cannot be reached, the party challenging the "confidential" designation shall file a motion with the Court, attaching the documents in question under seal, asking the Court to determine if the documents are or are not subject to confidentiality. The proffering party may respond. Each party agrees to be bound by the ruling of this Court as to the confidentiality of documents. If the Court declines to intervene on matters involving whether a document is or is not "confidential" under this Consent Protective Order, the designation first given by the proffering party prevails.

5. If confidential documents are used during depositions, the deposition shall be treated as confidential in accordance with paragraph 1.

6. Designation of a document as "confidential" does not, standing alone, justify filing the document under seal. Instead, the parties must comply with Fed. R. Civ. P. 5.2's mandate for redaction.

If redaction is impracticable, a party must move for permission to file any information designated as "confidential" and any related motion, brief, or paper containing that material under seal. The moving party must justify sealing with specifics and solid reasons, document-by-document, including an explanation about why redaction cannot be done.

7. Documents and other material designated as "confidential" pursuant to the terms of this Order may be disclosed only to trial counsel and employees or professional assistants of trial counsel who have a bona fide need to review the information or contents of the documents to aid effectively in the preparation of a party's case. Disclosure to persons other than trial counsel or employees or professional assistants of trial counsel shall be conditioned upon (a) the written agreement of the producer or provider of the confidential information, or (b) an order of the Court directing disclosure.

8. Upon dissemination of any of the information furnished by the parties to any other person, firm, or organization, the parties by whom that information was disseminated shall maintain a list of the names, addresses, place of employment, and capacity of all persons to whom the information is disclosed until further order of the Court.

9. Each person examining the subject documents or notes to whom any of the contents thereof are disseminated hereby agrees to be subject to the jurisdiction of this Court for contempt in any other

appropriate proceedings in the event of any violation or alleged violation of this Protective Order.

10. This Protective Order shall govern all pretrial proceedings, but shall be subject to modification either before, during, or after the trial upon the merits, upon application of any of the parties to this lawsuit, and for good cause shown.

11. Entry of this Order shall not preclude the parties from objecting to production of documents or information which it deems confidential or not discoverable.

12. The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown.

13. Counsel should confer in good faith in person before bringing any dispute arising under this Protective Order to the Court. A party or any other person objecting shall provide written notice of the dispute to the appropriate party or parties, specifying the materials that are the subject of the dispute. Within thirty days after this objection, the parties and any other objecting person(s) shall confer in good faith, and in person, to resolve the dispute. If the parties reach an impasse, they must file a joint report explaining the disagreement. The parties will file this paper under the CM/ECF event called "Joint Report of Discovery Dispute." The joint report must not exceed ten pages,

excluding the style and signature block. Each side gets five pages. The joint report must be filed sufficiently before the trial cutoff so that the dispute can be resolved without undermining pretrial deadlines. The parties will alert the law clerk on the case to the joint report's filing. The parties will not proceed on the disputed issue until the Court issues a ruling or schedules a hearing.

    So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

16 January 2026