IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DR. DOROTHY L. DERICO PLAINTIFF

v. No. 4:25-cv-618-DPM

NORTH LITTLE ROCK
SCHOOL DISTRICT DEFENDANT

# ORDER

The Court notes the parties' discovery dispute and the non-parties' motions to quash. It will take the issues in turn.

**Joint report of discovery dispute & motion to compel.** Derico identifies several categories of requested documents that North Little Rock allegedly hasn't adequately produced. But the record about each category indicates that North Little Rock has produced all it has. Plus, she doesn't explain why North Little Rock's production is inadequate.

- **ClassDojo.** ClassDojo is a third-party communication platform for teachers and parents. *Doc. 31 at 14.* North Little Rock provided these records by logging into Derico's employee account and giving her everything it can access. *Ibid.*
- **Student incident reports and disciplinary records.** North Little Rock says it's produced all it has. *Doc. 31 at 14–15.* And there's nothing of record to cast doubt on its claim.
- **NWEA assessment records.** Again, Derico's exhibits

indicate she received the requested records. *Doc. 31 at 11–12, 15.*

- **Recorded witness interviews.** Derico acknowledges that counsel said she'd received all the recordings that exist. *Doc. 31 at 6–7.*

- **Third-party subpoena responses.** North Little Rock can only produce what it possesses or controls; it can't compel third-party subpoena responses.

**DHS's motion to quash.** Granted. Derico wants reports about two child maltreatment investigations. *Doc. 27 at 4–6.* DHS says only one of those investigations exists, but it's privileged. The records concern a "screened-out" Child Abuse Hotline call—meaning it didn't meet DHS's requirements to be accepted and investigated. Ark. Code Ann. § 12-18-303(e)(3). DHS can't produce it because Derico isn't law enforcement or a prosecutor. Ark. Code Ann. § 12-18-910(e).

**ADE's motion to quash.** Denied, but document requests modified as specified.

- **Student records**. Derico's Request for Production No. 5 seeks FERPA-protected information because it requests non-party students' educational records. 20 U.S.C. § 1232g; *Doc. 40-1 at 8–9.* Without consent from a parent (or from the student, if they're at least 18 years old), the documents are protected against disclosure. 20 U.S.C. § 1232g(b). And the Court doesn't see how these records fit into Derico's claims.

- **Personnel records**. While ADE says North Little Rock

should provide these records, North Little Rock's counsel told Derico that only ADE had certain documents. *Doc. 39 at 29–30, 32.* ADE shouldn't produce documents that North Little Rock can produce; but if ADE has responsive documents North Little Rock can't access, ADE must produce them. Fed. R. Civ. P. 26(b)(2)(C)(i). Derico, ADE's counsel, and North Little Rock's counsel must meet in person to identify any such documents. And in the future, Derico must refer to minors by initials. Fed. R. Civ. P. 5.2.

*

Derico's motion to compel, *Doc. 41*, is denied; and her and North Little Rock's discovery dispute, *Doc. 32*, is resolved. DHS's motion to quash, *Doc. 27*, is granted. ADE's motion to quash, *Doc. 35*, is denied; the ADE subpoena is modified as specified. For good cause, Derico's motion to extend the discovery deadline, *Doc. 44*, is granted as modified. The discovery deadline must be extended to allow the parties to meet, ADE to comply with the modified subpoena, and Derico to take the remaining deposition. The Court extends the discovery deadline to 18 December 2026.

So Ordered.

D.P. Marshall Jr.
United States District Judge

6 November 2026